UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MARK COVERT,<br><br>　　　　　　　　　Plaintiff,<br><br>v.<br><br>CITY OF SAN DIEGO, et al.,<br><br>　　　　　　　　　Defendants. | Case No.: 15-CV-2097-AJB-WVG<br><br>**ORDER DENYING WITHOUT PREJUDICE JOINT MOTION TO EXTEND DISCOVERY DEADLINES [ECF No. 15] AND AMENDED JOINT MOTION TO EXTEND DISCOVERY DEADLINES [ECF No. 16]** |

## I. BACKGROUND

On January 5, 2016, the Court issued a Scheduling Order pursuant to Federal Rule of Civil Procedure ("FRCP") 16(b). (ECF No. 11.) On June 1, 2016, plaintiff Mark Covert ("Plaintiff") and defendants City of San Diego, Officer C. Bernard, and Officer Crawford (collectively "Defendants") filed a Joint Motion to Extend Discovery Deadlines ("Joint Motion I"). (ECF No. 13.) In Joint Motion I, the parties requested the Court extend the following dates: (1) fact discovery cutoff to August 31, 2016; (2) designation of experts to September 21, 2016; (3) disclosures pursuant to FRCP 26(a)(2)(A) and (B) to October 5, 2016; (4) designation of rebuttal experts and disclosures to October 26, 2016; (5) expert discovery cutoff to November 29, 2016; and (6) last day to file pre-trial motions to December 23, 2016. (Id. at 3-4.) The basis for the request in Joint Motion I

was there were unresolved discovery disputes, previously scheduled vacations of counsel, difficulties scheduling depositions of Plaintiff's daughters who reside outside the country, and Defendant requiring additional time to locate and produce documentation responsive to Plaintiff's demands. (Id. at 2-3.) Additionally, the parties indicated they had discussed whether the Complaint should be amended and noted that additional time may allow further opportunity to settle. (Id.) On June 3, 2016, for good cause, the Court granted Joint Motion I. (ECF No. 14.)

On August 23, 2016, the parties filed another Joint Motion to Extend Discovery Deadlines ("Joint Motion II"). (ECF No. 15.) In Joint Motion II, the parties request the Court extend the following dates: (1) fact discovery cutoff to September 30, 2016; (2) designation of experts to October 31, 2016; (3) disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(A) and (B) to November 10, 2016; (4) designation of rebuttal experts and disclosures to November 26, 2016; (5) expert discovery cutoff to December 29, 2016; and (6) last day to file pre-trial motions to January 13, 2017. (Id. at 3.) The basis for the request in Joint Motion II is that there are unresolved discovery disputes, previously scheduled vacations of counsel and parties, difficulties scheduling depositions of Plaintiff's daughters who reside outside the country, and Defendant requiring additional time to locate and produce documentation responsive to Plaintiff's demands. (Id. at 2.) Additionally, the parties have indicated this time will allow further opportunity to pursue a settlement of the matter. (Id. at 2-3.)

On August 26, 2016, the parties filed an Amended Joint Motion to Extend Discovery Deadlines ("Amended Motion"). (ECF No. 16.) The Amended Motion reiterates the request made in Joint Motion II but additionally sought to continue the Mandatory Settlement Conference ("MSC") currently scheduled for September 7, 2016 to September 16, 2016. (Id. at 3-4.)[1]

---

[1] The parties have indicated September 16, 2016 is the date by which Plaintiff's FRCP 68 offer expires. (See ECF No. 16 at 3.)

## II. RULING

The Court does not find good cause to grant this request and hereby DENIES the Joint Motion without prejudice for the reasons set forth below.

### A. NO GOOD CAUSE SHOWN

Pursuant to FRCP 16(b)(3), a district court is required to enter a pretrial scheduling order that "must limit the time to join other parties, amend the pleadings, complete discovery, and file motions." Fed. R. Civ. P. 16(b)(3)(A). The scheduling order "controls the course of the action unless the court modifies it [ ]" and FRCP "16 is to be taken seriously." Fed. R. Civ. P. 16(d); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994). Indeed, parties must "diligently attempt to adhere to [the Court's] schedule throughout the subsequent course of the litigation." *Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999). "A scheduling order 'is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded without peril.'" *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 610 (9th Cir. 1992) (quoting *Gestetner Corp. v. Case Equip. Co.*, 108 F.R.D. 138, 141 (D. Me. 1985)).

FRCP 16(b)(4) "provides that a district court's scheduling order may be modified upon a showing of 'good cause,' an inquiry which focuses on the reasonable diligence of the moving party." *Noyes v. Kelly Servs.*, 488 F.3d 1163, 1174 n. 6 (9th Cir. 2007); citing *Johnson*, 975 F.2d at 609. In *Johnson*, the Ninth Circuit Court of Appeal explained,

> …Rule 16(b)'s "good cause" standard primarily concerns the diligence of the party seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." Fed. R. Civ. P. 16 advisory committee's notes (1983 amendment)…[T]he focus of the inquiry is upon the moving party's reasons for seeking modification…If that party was not diligent, the inquiry should end.

*Johnson*, 975 F.2d at 609.

In part, the "good cause" standard requires the parties to demonstrate that

"noncompliance with a Rule 16 deadline occurred or will occur, notwithstanding her diligent efforts to comply, because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 Scheduling conference…" *Jackson*, 186 F.R.D. at 608.

The Court finds that neither Joint Motion II nor the Amended Motion demonstrate good cause. Joint Motion II and the Amended Motion are virtual carbon copies of Joint Motion I. Nearly three months ago, the parties listed the same problems along with the same promises to work toward resolving the various issues. Then, as now, the parties claim to be "diligently conducting discovery." (ECF No. 13 at 2, ECF No. 15 at 2, ECF No. 16 at 2.) Then, as now, the parties claim to be "actively and diligently engaged in ongoing settlement discussions… [and if] given more time to explore settlement" they may be able to resolve the case. (ECF No. 13 at 3, ECF No. 15 at 2-3, ECF No. 16 at 3.) The Court granted the parties their desired extension of time three months ago, yet it seems they are no closer to a resolution and the same discovery still needs to be accomplished. The parties have squandered the extra time and opportunity they were given. It is clear to the Court that, contrary to the promises to diligently pursue discovery or resolve issues made in Joint Motion I, the parties have not been productive as there has been no discernable progress made in resolving issues that pose obstacles to discovery or resolution of the case.

The parties have also requested the Court continue the MSC to September 16, 2016 to coincide with the expiration of Plaintiff's FRCP 68 offer, which was extended by Plaintiff on August 12, 2016. (ECF No. 16 at 3.) Defendants have not provided any reason why they are unable to accept or decline Plaintiff's offer by the currently scheduled MSC. The Court believes that Defendants have had sufficient time to consider the offer and make a decision by the currently scheduled MSC date of September 7, 2016. If Defendants are unable to accept an offer after having reviewed it for over three weeks, the Court does not see how an additional nine days will be fruitful. Deadlines have a way of concentrating the mind, and the Court believes the September 7, 2016 MSC date will provide the needed incentive for both parties to engage in serious settlement discussions and reach a fair

resolution.

Lastly, the Court notes the parties may be in violation of this Court's order requiring the parties to bring discovery disputes to the attention of the Court no later than thirty days following the date upon which the event giving rise to the discovery dispute occurred. (See ECF No. 11 at 2-3.)

### III. CONCLUSION

Given the reasons set forth above, the Court DENIES both Joint Motion II and the Amended Motion without prejudice.

IT IS SO ORDERED.

Dated: August 26, 2016

_____
Hon. William V. Gallo
United States Magistrate Judge