1
2
3
4
5
6
7
8              UNITED STATES DISTRICT COURT
9             SOUTHERN DISTRICT OF CALIFORNIA
10
11  MARK COVERT,                          Case No.:  15-CV-2097-AJB (WVG)
12                          Plaintiff,
                                          **(1) ORDER GRANTING**
13  v.                                    **DEFENDANTS' UNOPPOSED**
                                          **MOTION TO FILE DOCUMENTS**
14  CITY OF SAN DIEGO; OFFICER C.         **UNDER SEAL**
    BERNARD; OFFICER CRAWFORD,            **(DOC. NO. 22)**
15                          Defendants.
16                                        **(2) ORDER GRANTING**
17                                        **PLAINTIFF'S MOTION FOR**
                                          **LEAVE TO AMEND; AND**
18                                        **(DOC. NO. 30)**
19
20                                        **(3) ORDER DENYING**
21                                        **DEFENDANTS' MOTION FOR**
                                          **JUDGMENT ON THE PLEADINGS**
22                                        **AS MOOT**
                                          **(DOC. NO. 21)**
23
24
25        Presently before the Court are various motions. Pursuant to Local Rule 7.1.d.1, the
26  Court finds these motions suitable for determination on the papers and without oral
27  argument. For the reasons set forth more fully below, the Court **GRANTS** Defendants'
28  motion to file documents under seal, and **GRANTS** Plaintiff's motion for leave to amend

his complaint. Thus, Defendants' motion for judgment on the pleadings is **DENIED AS MOOT**.

## I.     BACKGROUND

The following facts are taken from Plaintiff's complaint and construed as true for the limited purpose of resolving the pending motions. *See McGlinchy v. Shell Chem. Co.*, 845 F.2d 802, 810 (9th Cir. 1988).

Plaintiff Mark Covert ("Plaintiff") is a fifty-six year old retired Navy SEAL. (Doc. No. 1 ¶ 9.) As a result of a training accident while in the Navy, Plaintiff suffers from severe depression and Post Traumatic Stress Disorder ("PTSD"). (*Id.*) Plaintiff also suffers from other health issues including skin cancer and herniated discs in his back. (*Id.*) Defendants Bernard and Crawford (collectively referred to as "Defendants") are individuals residing in this district, and based on information and belief, employed by the City of San Diego as police officers. (*Id.* ¶¶ 5-6.)

The events leading up to Plaintiff's complaint are as follows. On March 1, 2015, Plaintiff went to the Veterans Affairs ("V.A.") Hospital because he was feeling depressed. (*Id.* ¶ 11.) Plaintiff was treated and then sent home on the same day. (*Id.*) On March 2, 2015, Plaintiff returned to the V.A. Hospital to undergo a scheduled skin removal procedure for his skin cancer. (*Id.* ¶ 12.) Plaintiff informed the hospital that due to the length and pain involved with this procedure, he didn't think he could go through with the surgery that day. (*Id.*) The hospital staff agreed to reschedule Plaintiff's appointment and he then returned home. (*Id.*)

After Plaintiff left the hospital, Dawn Miller[1], contacted the police and requested a welfare check on Plaintiff. (*Id.* ¶ 13.) Defendants arrived at Plaintiff's home on the same day to check on him. (*Id.* ¶ 14.) At the time, Plaintiff's two daughters were at home and his son was at school. (*Id.*) After Plaintiff let Defendants into his home, Defendants stayed to

---

[1] The Complaint does not allege who Dawn Miller is or what her position is at the V.A. Hospital. (Doc. No. 1 ¶ 13.)

talk to Plaintiff about his health and his children. (*Id.*¶¶ 14, 16.)

During the conversation, one of the two Defendants requested that Plaintiff be examined by a doctor. (*Id.* ¶ 17.) Plaintiff responded that he would go with them, however, he needed to make a call so that someone could pick up his son at school. (*Id.* ¶ 18.) Allegedly, Defendants told Plaintiff that he would not be able to call anyone, but that a police car would go to pick up his son. (*Id.*) Plaintiff repeatedly told Defendants that he did not want a police car to pick up his son, when he was suddenly grabbed and thrown to the floor. (*Id.* ¶ 19.) As Plaintiff fell, Plaintiff's head hit the edge of a coffee table resulting in a gash to his head. (*Id.*) While Plaintiff was being restrained on the floor, Plaintiff states that one of the Defendants placed his foot or knee on Plaintiff's back causing immense pain to a pre-existing back injury. (*Id.* ¶ 20.) During the altercation, Defendants also discharged their tasers on Plaintiff causing two visible burn marks on his torso. (*Id.* ¶ 21.)

Later, additional officers arrived on the scene as well as paramedics. (*Id.* ¶ 22.) Upon arrival, a senior officer had to remind other officers that their body cameras should be turned on. (*Id.*) Plaintiff was then taken out of his home on a gurney with four-point restraints on, while his daughters watched. (*Id.*) After being removed from his home, Plaintiff was transferred to University of California San Diego Medical Center where he was held until approximately 11:00 PM. (*Id.*¶ 23.) While at the hospital, Plaintiff received X-Rays and discovered that he had two broken ribs as a result of the incident in his home. (*Id.*)

Plaintiff instituted this action on September 20, 2015, stating four causes of action: (1) Violations of 42 U.S.C. § 1983; (2) Violations of California Civil Code § 52.1; (3) Battery; and (4) Negligence. (*Id.* at 5-7.)[2] A protective order signed by Magistrate Judge Gallo was ordered on January 5, 2016. (Doc. No. 12.) On June 1, 2016, a joint motion to extend discovery deadlines, (Doc. No. 13), was granted on June 3, 2016. (Doc. No. 14.)

---

[2] Page numbers are in reference to the automatically generated CM/ECF page numbers and not the numbers on the original document.

On August 26, 2016, another joint motion to extend discovery deadlines, (Doc. No. 16), was denied on the same day. (Doc. No. 17.) On September 19, 2016, Judge Gallo granted a joint motion to continue the mandatory settlement conference to October 28, 2016. (Doc. No. 20.)

On October 26, 2016, Defendants filed a motion for judgment on the pleadings, a request for judicial notice, and a motion to file documents under seal. (Doc. Nos. 21, 22.) Plaintiff did not file an opposition to Defendants' motion to file documents under seal. Defendants' motion for judgment on the pleadings was fully briefed on November 16, 2016. (Doc. No. 32.)

## II.   LEGAL STANDARD

### A.   Judgment on the Pleadings

The standard for assessing a Rule 12(c) motion for judgment on the pleadings is the same as the standard for a Rule 12(b)(6) motion to dismiss. *See Enron Oil Trading & Trans. Co. v. Walbrook Ins. Co., Ltd.*, 132 F.3d 526, 529 (9th Cir. 1997). In considering a motion for judgment on the pleadings, a court must accept as true all material allegations in the complaint and must construe those allegations in the light most favorable to the plaintiff. *Austad v. United States*, 386 F.2d 147, 149 (9th Cir. 1967). Judgment on the pleadings is proper when the moving party "clearly establishes" on the face of the pleadings that "no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." *Doleman v. Meiji Mut. Life Ins. Co.*, 727 F.2d 1480, 1482 (9th Cir. 1984). Thus, the defendant is "not entitled to judgment on the pleadings if the complaint raises issues of fact, which, if proved, would support recovery." *Casiano v. Deutsche Bank Nat. Trust Co.*, No. EDCV 09-2124 DOC (OPx), 2011 WL 836659, at *2 (C.D. Cal. Feb. 28, 2011).

### B.   Motions to Seal

Courts have historically recognized a "general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 & n.7 (1978). "Unless a particular court record is one 'traditionally kept secret,' a 'strong presumption in favor of access' is the starting point."

1   *Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (quoting *Foltz*
2   *v. State Farm. Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003)). In order to
3   overcome this strong presumption, a party seeking to seal a judicial record must articulate
4   justifications for sealing that outweigh the public policies favoring disclosure. *See*
5   *Kamakana*, 447 F.3d at 1178-1179. In turn, the court must "conscientiously balance[] the
6   competing interests of the public and the party who seeks to keep certain judicial records
7   secret." *Id.* at 1179 (quoting *Foltz*, 331 F.3d at 1135) (internal quotation marks omitted).
8   "After considering these interests, if the court decides to seal certain judicial records, it
9   must 'base its decision on a compelling reason and articulate the factual basis for its ruling,
10  without relying on hypothesis or conjecture.'" *Id.* (quoting *Hagestad v. Tragesser*, 49 F.3d
11  1430, 1434 (9th Cir. 1995)).

12      However, where the material is, at most, "tangentially related to the merits of [the]
13  case," the request to seal may be granted on a showing of "good cause." *Ctr. For Auto*
14  *Safety v. Chrysler Grp., LLC.*, 809 F.3d 1092, 1101 (9th Cir. 2016). Furthermore, because
15  the "good cause" standard derives from Rule 26(c) of the Federal Rules of Civil Procedure,
16  application of the "strong presumption of access to documents a court has already decided
17  should be shielded from the public" is similarly inappropriate as it "would surely
18  undermine, and possibly eviscerate, the broad power of the district court to fashion
19  protective orders . . . ." *Id.* at 1097 (quoting *Phillips ex rel. Estates of Byrd v. Gen. Motors*
20  *Corp.*, 307 F.3d 1206, 1213 (9th Cir. 2002)).

21  **III.   DISCUSSION**

22      A.   Motion to Seal

23      Here, Defendants seek to seal portions of Defendants' memorandum of points and
24  authorities, and Exhibits 2-32 attached to the pleading entitled "Defendants' Notice of
25  Lodgment Re: Exhibits 2-17, [18-32], Submitted In Support of Their Notice of Motion And
26  Motion For Judgment On The Pleadings And Request For Related Relief." (Doc. No. 22-
27  2 at 2.) Defendants argue that compelling reasons exist to grant Defendants' request as the
28  materials they wish to seal contain confidential and private information regarding Plaintiff,

his children, and Defendants. (*Id.* at 4-5.)

For these reasons, the Court agrees with Defendants. The documents and exhibits at issue make direct references to Plaintiff's and his daughters' personal identification numbers such as Plaintiff's social security number, as well as discussions regarding Plaintiff's mental health, communications with mental health providers, and intimate discussions regarding Plaintiff's family life. Release of this information to the public could potentially embarrass or injure the Defendant and his family. *See Seals v. Mitchell*, No. CV 04-3764 NJV, 2011 WL 1233650, at *2 (N.D. Cal. Mar. 30, 2011). Moreover, balancing the need for the public's access to information regarding Plaintiff's mental health condition, and Plaintiff and his family's personal matters weighs strongly in favor of sealing. Accordingly, the Court finds that compelling reasons exist to seal Defendants' memorandum of points and authorities, and Exhibits 2-32. Thus, Defendants' motion to seal is **GRANTED**.

B.   Leave to Amend

In the interests of judicial economy, the Court next turns to Plaintiff's request for leave to amend his complaint. In Plaintiff's opposition to Defendants' motion for judgment on the pleadings, Plaintiff states that he seeks leave to amend his complaint to allege additional contentions regarding the amount of time he was tasered, that Defendants on the scene deliberately turned off their body worn cameras to conceal their alleged violations of Plaintiff's civil rights, and to remove three of his causes of action: (1) violations of California Civil Code § 52.1; (2) battery; and (3) negligence. (Doc. No. 30 at 4.) In response, Defendants state that Plaintiff is trying to prejudice Defendants by changing his theories of liability at this late date, thus precluding them from conducting discovery. (Doc. No. 32 at 11.)

Federal Rule of Civil Procedure 15 mandates that leave to amend "be freely given when justice so requires." Fed. R. Civ. P. 15(a). "This policy is to be applied with extreme liberality." *Eminence Capital, LLC, v. Aspeon, Inc.*, 316 F.3d 1048, 1051 (9th Cir. 2003). In *Foman v. Davis*, the Supreme Court offered several factors for district courts to consider

when deciding whether to grant a motion to amend under Rule 15(a):

> In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be freely given.

371 U.S. 178, 182 (1962). "Absent prejudice, or a strong showing of any of the remaining *Foman* factors, there exists a *presumption* under Rule 15(a) in favor of granting leave to amend." *Eminence Capital, LLC*, 316 F.3d at 1052. *See Griggs v. Pace Am. Group Inc.*, 170 F.3d 878, 880 (9th Cir. 1999) ("In conducting this five-factor analysis, the court must grant all inferences in favor of allowing amendment."). The Court will now turn to each factor to determine if leave to amend should be granted.

### i.    Undue Delay

Defendants state that Plaintiff had access to the BWCV in 2015, but made no attempt to amend his complaint at that time. (Doc. No. 32 at 11.) In addition, Defendants argue that Plaintiff's request for leave to amend comes after the deadline of February 29, 2016, set by Magistrate Judge Gallo. (*Id.*) Undue delay is delay that "prejudices the nonmoving party or imposes unwarranted burdens on the court." *Davis v. Powell*, 901 F. Supp. 2d 1196, 1212 (S.D. Cal. 2012). Considerable delay with no reasonable explanation is relevant where a proposed amendment would cause prejudice to the other party or would significantly delay resolution of the case. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990). Moreover, in assessing timeliness, a court "do[es] not merely ask whether a motion was filed within the period of time allotted by the district court in a Rule 16 scheduling order." *AmerisourceBergen Corp. v. Dialysist West., Inc.*, 465 F.3d 946, 953 (9th Cir. 2006).

In support of his motion for leave to amend, Plaintiff contends that the new allegations that Plaintiff was tasered for thirteen seconds and that Defendants turned over

their body worn camera videos ("BWCV") was not learned until the City of San Diego produced its discovery. (Doc. No. 30 at 13.) The Court first notes that Plaintiff's request for leave to amend comes over a year after Plaintiff instituted this action. (Doc. No. 1.) However, though Plaintiff has made his request at a later stage in the litigation process, the Court finds that it is not entirely clear when Plaintiff possessed all of the discovery necessary to supplement his claims and legal theories. Defendants state that Plaintiff's counsel reviewed the BWCV on November 17, 2015, (Doc. No. 32 at 11), but Plaintiff is silent on the matter. *See Jackson v. Bank of Hawaii*, 902 F.2d 1385, 1388 (9th Cir. 1990) ("Relevant to evaluating the delay issue is whether the moving party knew or should have known the facts and theories raised by the amendment in the original pleading.").

Nevertheless, though Defendants accurately state that Plaintiff is bringing this motion after several discovery deadlines have passed, the Court finds Defendants' argument that they will be prejudiced by this delay to be unavailing. As of the date of this order, a trial date has not yet been set, and the last day to file pretrial motions is set for December 23, 2016. (Doc. No. 14 at 1-2.) *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 798-99 (9th Cir. 1991) (denial of leave to amend was proper where litigant did not move to amend until "eight months after the district court granted summary judgment against it, and nearly two years after filing the initial complaint." Additionally, Plaintiff "waited until discovery was over, just four and a half months before the trial date, before moving to amend its complaint."). Furthermore, delay alone is insufficient to deny leave to amend. *United States v. Webb*, 655 F.2d 977, 980 (9th Cir. 1981); *see also Jackson*, 902 F.2d at 1388 ("In the absence of another basis for denying leave to amend, such as undue prejudice or bad faith, courts have generally granted leave to litigants even though they should have anticipated 'the facts and theories raised by the amendment' at an earlier stage in the litigation . . . ."). Accordingly, the Court turns to the remaining factors to determine if leave to amend should be granted.

      ii.   Bad Faith

In the context of a motion for leave to amend, "bad faith" means acting with the

intent to deceive, harass, mislead, delay, or disrupt. *Cf. Leon v. IDX Sys. Corp.*, 464 F.3d 951, 961 (9th Cir. 2006). Defendants make no overt arguments regarding whether or not Plaintiff's motion is being brought in bad faith.

### iii.   Prejudice

Defendants argue that they will be prejudiced if Plaintiff is granted leave to amend, as amendment will preclude them from conducting discovery. (Doc. No. 32 at 11.) Prejudice, in the context of a motion to amend, means "undue difficulty in prosecuting a lawsuit as a result of a change of tactics or theories on the part of the other party." *Amersham Pharmacia Biotech, Inc. v. Perkin-Elmer Corp.*, 190 F.R.D. 644, 648 (N.D. Cal. 2000). The prejudice inquiry carries the "greatest weight" among the five factors. *Eminence Capital, LLC,* 316 F.3d at 1052.

Here, Plaintiff wishes to amend his complaint to introduce new allegations to support his claims. Specifically, Plaintiff wishes to introduce his contentions that he was tasered for a full thirteen seconds, when a standard taser cycle lasts for only five seconds, that Defendants' body cameras turned off during the altercation, and that Defendants' use of excessive force happened during the time the cameras were off. (Doc. No. 30 at 5, 6.)

The Court finds that these new theories and allegations Plaintiff proposes to use in his amended complaint are not an extreme or fundamental departure from the claims already present in Plaintiff's original complaint. For instance, the Court highlights that Plaintiff refers to the BDCV, and states that he was tasered in his original complaint. (Doc. No. 1 ¶¶ 21, 22.) Moreover, Plaintiff makes the claim that a "senior officer had to remind the other officers that their body cameras should be turned on." (*Id.* ¶ 22.) Accordingly, as Plaintiff's new allegations are related to the claims already present in Plaintiff's original complaint, the Court does not find it substantially prejudicial to Defendants to grant Plaintiff leave to amend. *See Mayeaux v. Louisiana Health Service and Indem. Co.*, 376 F.3d 420, 427 (5th Cir. 2004) (finding that when an amendment merely incorporates alternative theories using existing facts, it falls safely within Rule 15(a)'s policy of promoting litigation on the merits over procedural technicalities); *see also Webb*, 655 F.2d

at 980 (mere addition of new claims in motion for leave to amend insufficient to support denial under Rule 15). Furthermore, though Plaintiff does not make a reference as to the length in time he was tasered, the Court is unwilling to believe that Defendants will have to extensively change their defense, undertake a significantly new course of argument, or engage in substantial new discovery if Plaintiff is granted leave to amend to add the amount of time he was allegedly tasered. *See Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990) (finding that leave to amend was properly denied as the addition of new federal claims were a radical shift from the original complaint).

Moreover, Plaintiff is not requesting that an entirely new cause of action be added at this stage of litigation. *See Fresno Unified School Dist. v. K.U. ex rel. A.D.U.*, 980 F. Supp. 2d 1160, 1178 (E.D. Cal. 2013) (finding that the substitution of three new claims fundamentally altered the nature of the case and thus leave to amend was denied); *see also Texaco, Inc.*, 939 F.2d at 798–99 (affirming denial of leave to where defendant would have been unreasonably prejudiced by addition of numerous new claims only four months before trial). Accordingly, finding that Defendants would not be substantially prejudiced by granting Plaintiff leave to amend his complaint, this factor weighs in favor of amendment. *See DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987) ("[L]iberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties. It is, however, subject to the qualification that amendment of the complaint does not cause the opposing party undue prejudice.").

iv.   <u>Futility</u>

A court may deny leave to amend if the proposed amendment is futile or would be subject to dismissal. *See Carrico v. City & Cnty. of San Francisco*, 656 F.3d 1002, 1008 (9th Cir. 2011). The test of futility "is identical to the one used when considering the sufficiency of a pleading challenged under Rule 12(b)(6)." *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988). Defendants do not argue that Plaintiff's amendment would be futile.

///

v.     Previous Amendments

A district court's discretion to deny amendment is especially broad when the court has already given a plaintiff one or more opportunities to amend. *Chodos v. West Publ'g Co. Inc.*, 292 F.3d 992, 1003 (9th Cir. 2002). In the present matter, Plaintiff has not filed any previous amendments. Accordingly, this factor weighs in favor of granting leave to amend.

As a result, finding that Defendants would not be unfairly prejudiced, and that this would be Plaintiff's second amended complaint, the Court finds it appropriate to **GRANT** Plaintiff's motion for leave to amend.

## IV.   CONCLUSION

As the Court has decided to grant Plaintiff leave to amend, Defendants' motion for judgment on the pleadings is now moot. *See Zoe Marketing, Inc. v. Impressons, LLC*, Case No. 14cv1881 AJB (WVG), 2015 WL 12216340, at *4 (S.D. Cal. Apr. 9, 2015); *see also Adams v. Kraft*, No. 10-CV-00602-LHK, 2010 WL 4939440, at *5 (N.D. Cal. Nov. 30, 2010).

On a final note, the Court re-emphasizes that it is within its discretion to grant Plaintiff's request for leave to amend. *See Swanson v. U.S. Forest Serv.*, 87 F.3d 339, 343 (9th Cir. 1996) (the decision to grant or deny leave to amend is within the trial court's discretion). However, the Court understands Defendants' reservations in granting leave to amend at this stage in the litigation process. Thus, if Defendants believe they will need additional time for discovery, the Court directs Defendants to contact Magistrate Judge Gallo's chambers to discuss extending deadlines.

Moreover, the Court notes that it customarily asks parties to adhere to the discovery deadlines set by the Court. However, in the present matter, the Court believes that if it denies Plaintiff's request for leave to amend at this stage due to a technical forfeiture, the Court would unjustifiably prevent a litigation on its merits. As a result, the interests of justice finds that balancing Plaintiff's right to litigate his claims against strict adherence to the scheduling order, weighs heavily in allowing Plaintiff the right to amend his complaint.

1   However, the Court cautions Plaintiff that no further delay in this case will be entertained

2   and that adherence to future deadlines set by the Court will be rigorously followed.

3        As a result, for the reasons set forth more fully above, Defendants' motion to seal is

4   **GRANTED** and Plaintiff's motion for leave to amend is **GRANTED.** Accordingly,

5   Defendants' motion for judgment on the pleadings is **DENIED AS MOOT**. Plaintiff has

6   fourteen (14) days from the date of this order to amend his complaint. If Plaintiff chooses

7   not to amend, his complaint may be dismissed with prejudice. If Plaintiff files an amended

8   complaint, the Court will deem all material allegations denied and all affirmative defenses

9   plead for efficiency. Defendants may, of course, otherwise respond if they wish.

10   **IT IS SO ORDERED**.

12   Dated:  December 6, 2016

13                  Hon. Anthony J. Battaglia

14                  United States District Judge

15-CV-2097-AJB (WVG)